IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Curtis L. King, ) | C/A No. 0:11-1455-TLW-PJG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| Jon Ozmint; Warden Cartledge; Major Lewis; ) | **ORDER** |
| Capt. Mursier; Lt. Steven; Lt. Croutch; Sgt. ) | |
| Macky; Sgt. Writ; Ofc. Vang (male); Ofc. ) | |
| Curhley; Dr. McCree; RN Crawford; RN ) | |
| Andrew; RN Black; and RN Trinikki, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

The plaintiff, Curtis L. King ("King"), a self-represented state prisoner, filed this action pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC on King's motions to amend his Complaint, for appointment of counsel, to compel, for subpoenas, and for a trial. (ECF Nos. 30, 37, 38, 39, 41, & 42.)

**A.     Motions to Amend**

King's first motion to amend appears to seek to amend the relief sought in his Complaint as well as adding a new defendant—"Med. Director Moore." King's motion also contains other information and attachments that appear to be more appropriately presented as exhibits to a dispositive motion or at trial. Therefore, to the extent that King's motion seeks to add attachments to his Complaint, they are denied without prejudice to present these facts and documents at the appropriate stage of these proceedings if otherwise permitted by law. To the extent that King seeks to add "Med. Director Moore" as a defendant in this matter, King's motion is denied as his motion asserts no personal allegations against this defendant. <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 129 S. Ct.

1937, 1949 (2009).  Further, King's motion to amend his prayer for relief is denied as duplicative.  See Foman v. Davis, 371 U.S. 178 (1962)

King's second filing is titled as a certificate of service and contains several miscellaneous attachments.  Although the intent of this filing is unclear, it appears that within this document, King seeks to correct the name of one of the defendants in this matter.  Specifically, it appears that the defendant currently listed as "RN Trinnikki" should be corrected to "Cynthia Chernecki." Accordingly, the court construes this document as a motion to amend the Complaint and, to the extent that King seeks to correct the name of Defendant Trinnikki, grants the motion.  To the extent that King seeks any other form of relief through this filing, his motion is denied.  (ECF No. 37.)

**B.      Motion for Appointment of Counsel**

There is no right to appointed counsel in § 1983 cases.  Hardwick v. Ault, 517 F.2d 295 (5th Cir. 1975).  As stated in 28 U.S.C. § 1915(e)(1), the court may use its discretion to appoint counsel for an indigent in a civil action.  Smith v. Blackledge, 451 F.2d 1201 (4th Cir. 1971).  However, such appointment "should be allowed only in exceptional cases." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975).  Whether exceptional circumstances are present depends on the type and complexity of the case, and the *pro se* litigant's ability to prosecute it.  Whisenant v. Yuam, 739 F.2d 160 (4th Cir. 1984), abrogated on other grounds by Mallard v. United States Dist. Court for S. Dist. of Iowa, 490 U.S. 296 (1989).

Upon review of the file, the court has determined that there are no exceptional or unusual circumstances presented at this time which would justify the appointment of counsel, nor would the plaintiff be denied due process if an attorney were not appointed.  Id.  Accordingly, the plaintiff's

request for a discretionary appointment of counsel under 28 U.S.C. § 1915(e)(1) is denied. (ECF No. 38.)

**C.     Motion to Compel**

King's motion to compel appears to allege deficiencies in the defendants' responses to his discovery requests. However, King's motion is unclear as to the specifics of the deficiencies he alleges. Accordingly, for the reasons stated in the defendants' response in opposition to King's motion (ECF No. 46), King's motion to compel is denied. (ECF No. 39.)

**D.     Motions for Subpoenas and for Trial**

King's motion for subpoenas seeks materials from two individuals who are defendants in this matter. This information is more properly sought through the discovery process in accordance with Federal Rules of Civil Procedure 26 through 37. Accordingly King's motion for subpoenas is denied. (ECF No. 41.) Further, King's motion for trial is denied as premature. (ECF No. 42.)

**E.     Instructions to the Clerk of Court**

The Clerk of Court is directed to reissue a summons for Defendant Chernecki and modify the docket to reflect the correction of "RN Trinnikki" to "Cynthia Chernecki." Additionally, the Clerk of Court is directed to modify the docket to reflect the previous correction of "Male Ofc. Vang" to "Male Officer Young." (See ECF No. 22.)

**IT IS SO ORDERED.**

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

November 9, 2011
Columbia, South Carolina