IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Curtis L. King, ) | C/A No. 0:11-1455-TLW-PJG |
| Plaintiff, ) | |
| v. ) | |
| Jon Ozmint; Warden Cartledge; Major Lewis; ) Capt. Mursier; Lt. Steven; Lt. Croutch; Sgt. ) Macky; Sgt. Writ; Male Officer Young; Ofc. ) Curhley; Dr. McCree; RN Crawford; RN ) Andrew; RN Black; and Cynthia Chernecki, ) | **REPORT AND RECOMMENDATION** |
| Defendants. ) | |

Plaintiff Curtis L. King ("King"), a self-represented state prisoner, filed this action pursuant to 42 U.S.C. § 1983 alleging a violation of his constitutional rights.[1] This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the defendants' motion for summary judgment or, in the alternative, for partial summary judgment. (ECF No. 59.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), King was advised of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the defendants' motion. (ECF No. 62.) King filed a response in opposition. (ECF No. 72.) Also pending before the court are King's motions for a permanent injunction (ECF No. 71) and for an entry of default (ECF No. 80). Having carefully considered the parties' submissions and the applicable law, the court concludes that the defendants' motion should be granted in part and denied in part and King's motions denied.

---

[1] On August 7, 2012, the United States Court of Appeals for the Fourth Circuit dismissed King's interlocutory appeal in this matter for lack of jurisdiction. (ECF No. 108.)

Page 1 of 10



## BACKGROUND

Upon review of King's Amended Complaint and attachments, and viewing the facts in the light most favorable to King, the allegations in the instant Amended Complaint primarily stem from the time period of Friday, January 18, 2008 through Tuesday, January 22, 2008. During this time, King was housed at the Broad River Correctional Institution and alleges that he was denied medical care for extreme stomach pain and continued vomiting. King alleges that on January 18, 2008 he was initially "shooed" away from the medical department as his name was not on the sick call list. (Am. Compl., ECF No. 29-1 at 3.) He appears to have been seen by the medical department later that day on an emergency basis at which time he alleges he was given "a laxative, 2 shots, a pill and a liquid diet." (Id.; see also ECF No. 29-3 at 2-3.) King alleges that his symptoms continued to worsen over the next three days but, although he repeatedly requested medical attention, he alleges that the defendants denied his requests. (ECF No. 29-1 at 4.) On January 22, 2008, he was seen by the medical department, at which time he was transferred to a hospital for surgery for a ruptured appendix. (ECF No. 29 at 1; ECF No. 29-1 at 3, 5.)

King also appears to allege that he was continually denied medical treatment for his hammer toes and denied replacement eyeglasses in retaliation for filing a complaint. (ECF No. 29 at 1.)

Liberally construed, King's Amended Complaint alleges that the defendants were deliberately indifferent to his medical needs in violation of the Eighth Amendment of the Constitution, as well as various state law claims. Further, King appears to challenge a medical policy that categorizes continued vomiting as a non-life threatening emergency. For these alleged violations, King seeks monetary damages.

PJG

## DISCUSSION

A.  **Summary Judgment Standard**

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322. Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see,

PJG

e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

B.      **Defendants' Motion for Summary Judgment**

    1.      **Official Capacity Claims**

To the extent that the defendants are sued in their official capacities for monetary damages, they correctly assert that they are immune from suit in this court. The Eleventh Amendment states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. art. XI. Sovereign immunity protects both the State itself and its agencies, divisions, departments, officials, and other "arms of the State." See Will v. Michigan Dep't of State Police, 491 U.S. 58, 70 (1989); see also Regents of the Univ. of California v. Doe, 519 U.S. 425, 429 (1997) ("[I]t has long been settled that the reference [in the Eleventh Amendment] to actions 'against one of the United States' encompasses not only actions in which a State is actually named as the defendant, but also certain actions against state agents and state instrumentalities."). As arms of the state, they are entitled to sovereign immunity and cannot constitute "persons" under § 1983 in that capacity. Will, 491 U.S. at 70-71; see also Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139 (1993) (stating that absent waiver of Eleventh Amendment immunity, "neither a State nor agencies acting under its control may be subject to suit in federal court") (quotations and citations omitted). Although a State may waive sovereign immunity, Lapides v. Board of Regents, 535 U.S. 613 (2002), the State of South Carolina



has specifically denied this waiver for suit in federal district court. See S.C. Code Ann. § 15-78-20(e). Accordingly, to the extent the defendants are sued in their official capacities, they are immune from suit. Will, 491 U.S. at 70-71; see also Quern v. Jordan, 440 U.S. 332, 343 (1979) (recognizing that Congress did not override the Eleventh Amendment when it created the remedy found in 42 U.S.C. § 1983 for civil rights violations).

### 2. Eighth Amendment

The defendants argue in their motion for summary judgment that the court lacks subject matter jurisdiction because King's Amended Complaint fails to raise constitutional claims against the defendants. The court does not agree. This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. at 677-78 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which

Page 5 of 10

PJG

the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

Although the defendants argue that King's Amended Complaint raises only state law claims, King's Amended Complaint also alleges that the defendants were deliberately indifferent to his medical needs in violation of the Eighth Amendment to the Constitution. Accordingly, the court has jurisdiction over King's constitutional claims. The defendants' motion for summary judgment is denied as to this argument.

### 3. State Law Claims

To the extent that King's Amended Complaint is construed to allege state law claims, the South Carolina Tort Claims Act ("SCTCA") is the exclusive remedy for individuals suing government employees acting within the scope of their employment. See S.C. Code Ann. § 15-78-70(a). King has not alleged that the individual defendants were acting outside the scope of their employment. The defendants correctly assert that they are entitled to dismissal of these claims. As stated above, the defendants are immune from claims raised by King in their official capacity. See infra Section B.1. Moreover, the SCTCA requires the agency or political subdivision to be substituted when an employee is individually named, and the agency is similarly entitled to Eleventh Amendment immunity in federal court. See id.; S.C. Code § 15-78-20(e). Accordingly, the court finds that King's state law claims should be dismissed.

*PJG*

C. **Other Claims**

Accordingly, King's allegation in his Amended Complaint that the defendants were deliberately indifferent to his medical needs in violation of the Eighth Amendment remains before the court.[2] King's Amended Complaint also appears challenge a medical policy, as well as allege that the defendants retaliated against him by continually denying medical treatment for his hammer toes and denying replacement eyeglasses in retaliation for filing a complaint. To the extent that King's Amended Complaint may be construed to allege any other constitutional violations, the court finds that King has failed to plead sufficient facts to state a plausible claim. See Iqbal, 556 U.S. 662, 667-68 (2009).

D. **King's Motions**

1. **Motion for Entry of Default**

Liberally construed, King's motion appears to seek an entry of default against Defendant Chernecky. (ECF No. 80.) A review of the docket reveals that King initially identified this defendant as "RN Trinikki" and the summons as to this defendant was returned unexecuted. (ECF No. 36.) On October 17, 2001, King filed a document in which he appeared to seek to correct this defendant's name to "Cynthia Chernecki." (ECF No. 37.) The court interpreted King's filing as a motion to amend his Complaint, and granted King's motion to the extent that it sought to correct the defendant's name. (ECF No. 50.) The Clerk of Court reissued a summons as to Defendant

---

[2] The court notes that the defendants' motion with regard to King's § 1983 medical claims was based on jurisdictional issues. It appears that King's § 1983 claim may be barred by the applicable statute of limitations; the denial of the defendants' motion on jurisdictional grounds is without prejudice to the defendants' ability to raise this defense in a subsequent motion addressing King's § 1983 claim.



Chernecki on November 10, 2011. (ECF No. 53.) Counsel for Defendant Chernecki timely filed an Answer on her behalf on November 22, 2011. (ECF No. 57.)

Federal Rule of Civil Procedure 55(a) clearly states that the court must enter a party's default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." The court also notes that, as a general matter, the law disfavors default judgments. Tazco, Inc. v. Dir., Office of Workers Comp. Program, U.S. Dep't of Labor, 895 F.2d 949, 950 (4th Cir. 1990). As Defendant Chernecki has filed an Answer to King's Amended Complaint, King cannot show that the defendant has "failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Therefore, an entry of default is not appropriate, and King's motion should be denied. (ECF No. 80.)

### 2. Motion for Permanent Injunction

Also pending before the court is King's motion entitled "Permanent Injunction retaliation, Thomas B. Moore Md. director continued deny medical." (ECF No. 71.) King's motion, however, does not appear to seek injunctive relief, but rather appears to assert various allegations against Thomas B. Moore, who is not currently a party in this action. The claims raised in King's filing appear to be duplicative to those alleged in his pending motions to amend. (See ECF Nos. 85 & 87.) Accordingly, King's motion for injunctive relief against Thomas B. Moore should be denied.

PJG

## RECOMMENDATION

For the above reasons, the court recommends that the defendants' motion for summary judgment (ECF No. 59) be granted in part and denied in part and that King's motions be denied (ECF Nos. 71 & 80). In light of the court's order granting King leave to amend his Complaint, if this recommendation is adopted, the court will issue an amended scheduling order.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

August 17, 2012
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).